1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LENA GARCIA,

                  Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.
_____/

CASE NO. 1:13-cv-00477-SMS

ORDER DISMISSING COMPLAINT FOR
FAILURE TO STATE A CLAIM WITH LEAVE
TO AMEND WITHIN THIRTY DAYS

(Doc. 1)

## Screening Order

On April 2, 2013, Plaintiff Lena Garcia filed her complaint in this matter regarding SSI benefits for her daughter, Serenidy Unique Serna. Because Ms. Garcia's complaint fails to state a claim for which this Court may grant relief, the Court dismisses the complaint with leave to file an amended complaint within thirty days.

## I.   Screening Requirement

The Court must screen any case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915. Screening is required even if a plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits. *See, e.g.*, 42 U.S.C. § 405(g) (establishing conditions under which a claimant of social security benefits may seek judicial review of the Commissioner's determination). A court must dismiss any case, regardless of the fee paid, if the action or appeal is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B).

1

**II.** **Pleading Standards**

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)    a short and plain statement of the claim showing the pleader is entitled to relief; and

(3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

///

2

III.    **Procedural and Factual Allegations**

Plaintiff's daughter (born July 30, 2007) has hearing problems and poor vision.  Plaintiff seeks supplemental security income  ("SSI") pursuant to Title XVI of the Social Security Act (42 U.S.C. § 301 *et seq.)* (the "Act") on her daughter's behalf.

In her administrative action, Plaintiff was represented by attorney Dennis M. Bromberg. On October 6, 2011, Mr. Bromberg wrote to Plaintiff, reporting that the administrative law judge (ALJ) denied Plaintiff's application on September 22, 2011.  Mr. Bromberg advised Plaintiff that he had filed a request for review with the Administrative Appeals Council.

IV.    **Parties**

    A.    **Plaintiff**

Ms. Garcia is the only Plaintiff named on the complaint.  A complaint must be brought in the name of the real party in interest.  In this case, Serenidy Serna is the real party in interest. Because she is a minor, however, her guardian or guardian ad litem, must bring a legal action on her behalf.  *See* California Family Code § 6601; California Code of Civil Procedure § 372; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Accordingly, the amended complaint should identify the Plaintiff as Serenidy Unique Serna, by her mother Lena Garcia.

In addition, a parent who is not an attorney may not bring an action on her minor child's behalf without retaining an attorney.  *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  Accordingly, Plaintiff cannot proceed *pro se* in this appeal of the Commissioner's denial of SSI benefits to Serenidy Serna, but must retain an attorney to represent her daughter.

    B.    **Defendant**

In appeals of administrative decisions of the Social Security Administration, the proper defendant is the Social Security Commissioner: in this case, Carolyn W. Colvin, the acting Commissioner.  The Court has corrected the caption to reflect the proper defendant; the amended complaint should also do so.

///

///

///

3

1    **V.     Venue, Jurisdiction, and Timing**

2           **A.     Venue**

3           Although materials appended to the complaint indicate that Plaintiff lives in Fresno,

4    California, the body of the complaint should also state this fact, which is necessary to establish

5    venue in the Fresno Division of the District Court for the Eastern District of California.

6           **B.     Jurisdiction and Time for Appeal**

7           Materials appended to the complaint indicate that Plaintiff's attorney appealed the ALJ's

8    decision to the Administrative Appeals Council.  Such an appeal is a necessary step in Plaintiff's

9    exhausting administrative remedies.  The amended complaint should allege the outcome of the

10   decision of the Administrative Appeals Council and the date on which the decision was issued.

11   An appeal to the District Court must be made within sixty days of the Administrative Appeals

12   Council's decision.  42 U.S.C. § 405(g).

13   **III.    Conclusion and Order**

14          Because the complaint fails to allege facts sufficient to state a claim upon which relief can

15   be granted, this Court now dismisses it. The Court will provide Plaintiff with an opportunity to

16   file an amended complaint curing the deficiencies identified by the Court in this order.  Plaintiff

17   must revise her amended complaint in accordance with the errors and omission noted in this

18   order.  Because Plaintiff seeks to bring the complaint on behalf of her minor daughter, Plaintiff

19   must retain the services of an attorney to represent her daughter in her appeal of the

20   Commissioner's denial of SSI benefits.

21          Based on the foregoing, it is HEREBY ORDERED that:

22          1.      Plaintiff's complaint is dismissed with leave to amend for failure to state facts

23                  sufficient to state a claim on which relief may be granted;

24          2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

25                  an amended complaint curing the deficiencies identified by the Court in this order;

26          3.      Plaintiff shall retain an attorney to represent her daughter, who is the real party in

27                  interest in this action;

28   ///

4.    If Plaintiff's amended complaint fails to state a claim on which relief may be granted, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim; and

5.    If Plaintiff fails to retain an attorney or to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to prosecute.

IT IS SO ORDERED.

**Dated:    April 10, 2013**                    /s/ Sandra M. Snyder
                                UNITED STATES MAGISTRATE JUDGE